IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,               No. 2:13-cv-0657 JAM CKD PS

    vs.

TRILLA BAHRKE, et al.,        <u>ORDER AND</u>

        Defendant.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain
7    more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
8    of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
9    words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17   Rhodes, 416 U.S. 232, 236 (1974).

18   Plaintiff's 596 page complaint does not set forth a short and plain statement as
19   required by Federal Rule of Civil Procedure 8.  It is apparent, however, from the complaint and
20   the exhibits attached thereto that plaintiff challenges orders issued by state court judges relating
21   to the custody of plaintiff's daughter.  A federal district court does not have jurisdiction to review
22   errors in state court decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460
23   U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district
24   court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment
25   or to scrutinize the state court's application of various rules and procedures pertaining to the state
26   case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127

(9th Cir. 1997).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman).  That the federal district court action alleges the state court's action was unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.  Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).  In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court.  The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts."  Samuel, 980 F. Supp. at 1412-13.

        Plaintiff alleges multiple improprieties related to custody proceedings and domestic relation orders.  Plaintiff does not raise a general federal challenge to state law.  See Branson, 62 F. 3d at 292.  Stripped to its essence, this action is one for federal court review of state court proceedings.  The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions.  Accordingly, the court will recommend this action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.[1]

---

[1] The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate.  The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees."  Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction).  "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."  Thompson v.

1      In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request
2 to proceed in forma pauperis is granted; and
3      IT IS HEREBY RECOMMENDED that this action be dismissed.
4      These findings and recommendations are submitted to the United States District
5 Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
6 days after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Findings and Recommendations."  Any reply to the objections shall be served and
9 filed within ten days after service of the objections.  The parties are advised that failure to file
10 objections within the specified time may waive the right to appeal the District Court's order.
11 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated: April 9, 2013

13  _____
14  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

15 4 todd657.ifp.57

---

Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others).  In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife.  See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

    In Coats, plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children.  Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and a organization called United Fathers.  Plaintiff specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3).  Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction.  Like Coats, this case is at core a child custody dispute.  See id. at 237.